TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
NATHAN M. CLAUS
Assistant United States Attorney
Nevada Bar No. 15889
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6787
Nathan.Claus@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Mike Langley,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Case No. 2:26-cv-00138-APG-EJY<br><br>**PARTIES STIPULATED DISCOVERY PLAN**<br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff, Mike Langley, and Defendant United States of America ("United States"), hereby stipulate to this discovery plan.

## I. BACKGROUND

### A. Procedural History

Plaintiff, Mike Langley, brings this action for money damages under the Federal Tort Claims Act based on his claim that he was subject to "an invasive, genital-focused physical search" performed by Transportation Security Administration officers at Harry Reid International Airport in Las Vegas, Nevada on November 28, 2024. ECF No. 1-1 at 1:13-16.

**B. Meet and Confer**

On August 19, 2026, the parties met and conferred regarding this lawsuit and the discovery plan. The Parties discussed proposed scheduling order deadlines. The parties discussed the needs of the case and do not believe at this time that there will be a need for any extraordinary discovery. Plaintiff requests 240 days for discovery. Plaintiff is proceeding pro se and anticipates discovery from TSA and third-party custodians, including personnel, video, screening-equipment, and complaint-investigation records. Some of that material may raise Privacy Act or Sensitive Security Information issues that will take additional time to resolve. Defendant has no objection to this time length and has agreed to propose the 240 day timeline for the court's review, but does not necessarily believe that 240 days is needed for discovery.

**II. Discovery**

At this time, the parties have not exchanged any discovery. However, the parties are aware that under Federal Rule of Civil Procedure 26(a)(1), initial disclosures are due within 14 days after the Rule 26(f) discovery conference (which would be September 2, 2026).

Plaintiff anticipates written discovery, third-party discovery, depositions of TSA personnel and a Rule 30(b)(6) designee, and expert discovery.

Defendants anticipate conducting the following discovery (1) deposition of Plaintiff; (2) written discovery upon Plaintiff; and (3) any additional written discovery depending upon Plaintiff's responses.

**Electronically Stored Information and Privilege.** The parties will meet and confer as needed regarding the preservation and form of production of electronically stored information, including video and other electronic records, and regarding privilege logs and

any responsive material that Defendant contends is Sensitive Security Information. The parties are submitting an agreed Privacy Act protective order with this plan.

**Alternative Dispute Resolution.** The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and early neutral evaluation. The parties will continue to evaluate whether a settlement conference would be productive after initial discovery.

**Alternative Forms of Case Disposition.** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the use of the Short Trial Program (General Order 2013-01). The parties do not consent to either at this time.

**Electronic Evidence.** Because this Federal Tort Claims Act action will be tried to the Court without a jury, the parties do not anticipate presenting evidence in electronic format to jurors. The parties will meet and confer regarding the format of trial exhibits at the appropriate time.

## III. Proposed Discovery Plan

The Parties agreed that unless otherwise limited by subsequent stipulations, the parties shall be allowed to conduct discovery to the full extent permitted under the Federal Rules of Civil Procedure. The Parties have also agreed to the following discovery plan based upon 240 days for discovery based upon the filing of Defendant's answer on July 22, 2026. ECF No. 17.

//

//

//

//

| **Date of Proposed Deadlines** | **Description of Deadlines** |
|---|---|
| December 21, 2026 | Deadline for Amended Pleadings, Add Parties or File Motion for Leave to Amend |
| January 19, 2027 | Deadline to Serve Initial Expert Disclosures |
| February 18, 2027 | Deadline to Serve Rebuttal Expert Disclosures |
| March 19, 2027 | Deadline for Discovery |
| April 5, 2027 | Deadline to Serve Discovery Motions |
| April 19, 2027[1] | Deadline for Dispositive Motions |
| May 19, 2027 | Deadline to file Joint Pretrial Order (unless dispositive motions are filed, then 30 days after the court's ruling on the motion(s)). |

DATED this 2nd day of September, 2026.

By: _/s/ Mike Langley_ __________
Mike Langley
*Plaintiff, Pro Se*

DATED this 2nd day of September, 2026.

TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney

By: _/s/ Nathan M. Claus_ __________
NATHAN M. CLAUS
Assistant United States Attorney
*Attorneys for Defendants*

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATED: September 3, 2026

[1] 30 days after the close of discovery days falls on Sunday, April 18, 2027, so this date has been adjusted accordingly to the following Monday.